Loomis v. Ruck *et al.*, appellants.

*Promissory note — holder for value — Married woman.*

A note made by a married woman to her own order is negotiable, although containing a clause making it a charge upon her separate estate.

Where one takes the note of a third party in payment of a claim and gives up such claim, he is a *bona fide* holder for value.

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought against Martha Ruck and John Ruck, to recover the amount of a promissory note made by one defendant, a married woman, and indorsed by the other. The note read as follows:

"$616.39    " NEW YORK, *November* 15, 1871.

"Four months after date, I promise to pay to the order of myself, six hundred and sixteen and $\frac{39}{100}$ dollars, at 319 East Fourth street, New York, value received, which is hereby made a charge upon my separate estate, the consideration hereof having been for the benefit of said estate.

" MARTHA RUCK."

The note was indorsed " Martha Ruck, John Ruck."

The referee before whom the case was tried found substantially the following facts:

Martha Ruck executed the note in question. Before maturity she indorsed and delivered the same to the other defendant, who thereupon, and before maturity, indorsed and delivered it to plaintiff for a valuable consideration. Defendant, John Ruck, never had formal notice of protest of the note, although he had knowledge of the non-payment thereof. The consideration of the note, as between plaintiff and John Ruck, was an outstanding, overdue note, made by John Ruck, for goods sold and delivered to him by plaintiff, upon which suit had been threatened. The note in suit, however, was, as between the defendants, an accommodation note, and not actually for the benefit of the wife's separate estate, of which fact plaintiff had notice.

The defendant, Martha Ruck, was coerced into making such note for the accommodation of her husband, John Ruck, and to prevent a suit against him. But plaintiff when he received the note had not notice or knowledge of such coercion.

The referee found, as a matter of law, that plaintiff was entitled to a judgment against both defendants.

*Stilwell & Swain,* for appellant. The maker of the note being a married woman, the note was not valid. *Yale* v. *Dederer*, 18 N. Y. 265; S. C., 22 id. 450; *Owen* v. *Cawley*, 36 id. 600; *Corn Exchange Ins. Co.* v. *Babcock*, 42 id. 613; *White* v. *McNett*, 33 id. 376. The transfer to plaintiff did not confer on him the rights of a holder of mercantile paper. The action in its present form could not be maintained on the note, even against a *femme sole. Baldwin* v. *Kimmel*, 16 Abb. 359. John Ruck was discharged by want of notice. *Chanoine* v. *Fowler*, 3 Wend. 173; *Cayuga Bank* v. *Warden*, 1 N. Y. 417; Story on Bills, § 304; Edw. on Bills, 626.

*Ed. J. Maxwell,* for respondent. A note given in the form in question will be enforced, even though the consideration did not benefit the maker's estate. *Yale* v. *Dederer*, 22 N. Y. 450; *Barnett* v. *Litchtenstein*, 39 Barb. 194; Story's Eq. Juris., §§ 1396–1399; *Stewart* v. *Kirwall*, 3 Madd. 387; *Corn Exchange Ins. Co.* v. *Babcock*, 42 N. Y. 613; *Kelso* v. *Tabor*, 52 Barb. 125. That she was coerced by her husband will not defeat a recovery. First. The plaintiff gave a valuable consideration for the note. *Youngs* v. *Lee*, 12 N. Y. 551;

Sammis v. Smith.

S. C. in court below, 18 Barb. 187; *Bank of St. Albans* v. *Gilliland,* 23 Wend. 311; *Gould* v. *Sage,* 5 Duer, 260; *Purchase* v. *Mattison,* 3 Bosw. 310; *McBride* v. *Farmers' Bank,* 26 N. Y. 450; *Brown* v. *Leavitt,* 31 id. 113; *Bromley* v. *Walker,* 51 Barb. 203; *Pratt* v. *Coman,* 37 N. Y. 440; *Day* v. *Saunders,* 3 Keyes, 347; Edw. on Bills, 359; *Magee* v. *Badger,* 30 Barb. 246. Second. Plaintiff took note in good faith, without knowledge of facts alleged as matter of avoidance, and that coercion was and is immaterial. *Vallett* v. *Parker,* 6 Wend. 615; *Morton* v. *Rogers,* 14 id. 575; *Rockwell* v. *Charles,* 2 Hill, 499; *Hall* v. *Wilson,* 16 Barb. 548; *Osborn* v. *Robbins,* 36 N. Y. 365; *Swift* v. *Tyson,* 16 Peters, 1; *Holme* v. *Karsper,* 5 Binn. 469; 1 Barb. 355; Edw. on Bills, 308. Notice was not necessary to charge the indorser, the note being made for his accommodation. *Mechanics' Bank* v. *Griswold,* 7 Wend. 168; *Commercial Bank* v. *Hughes,* 17 id. 94; Chitty on Bills, 218, 219; *Taylor* v. *French,* 4 E. D. Smith, 458.

BARNARD, P. J. We think that a note made by a married woman, payable to her own order, and at a future date and at a specified place, is negotiable, although it contain a clause that the amount of the note is therein made a charge upon her separate estate. To give her a position as to her separate estate, as if unmarried, the use of the words whereby her separate estate is charged should not be held to destroy the negotiability of the note. The plaintiff is a *bona fide* holder of the note before maturity. He gave up his claim against John Ruck, and took therefor the note in question.

The cases establish this to be a good consideration. The judgment should be affirmed, with costs.

*Judgment affirmed.*